Thomas C. Buchele, OSB # 081560
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR 97219-7799
Tel: 503-768-6643
Email: tbuchele@lclark.edu

Roger Flynn, *Pro Hac Vice Application to Be Filed*
Western Mining Action Project
P.O. Box 349
Lyons, CO  80540
Telephone: (303) 823-5738
Fax: (303) 823-5732
E-mail: wmap@igc.org

*Attorneys for Plaintiff Cascade Forest Conservancy*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **CASCADE FOREST CONSERVANCY,** a non-profit corporation,<br>    Plaintiff,<br><br>  v.<br><br>**UNITED STATES FOREST SERVICE,** an agency of the United States Government; and **UNITED STATES BUREAU OF LAND MANAGEMENT,** an agency of the United States Government,<br><br>    Defendants. | Civil Action No.: **3:19-cv-00481**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(Pursuant to the Freedom of Information Act) |

Plaintiff, Cascade Forest Conservancy ("Plaintiff" or "CFC") alleges as follows:

### INTRODUCTION

Page 1:        COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This action is based on violations of the Freedom of Information Act ("FOIA" or "the Act"). 5 U.S.C. § 552. It challenges the unlawful failure of the Defendants, the United States Forest Service ("USFS"), and the United States Bureau of Land Management ("BLM") to fully respond to Plaintiff's FOIA requests within the time and in the manner required by FOIA. USFS has failed to produce any records, despite acknowledging nearly 9,000 pages of responsive records existing. BLM has failed to provide a final determination regarding all records responsive to CFC's request and is unlawfully withholding records responsive to CFC's FOIA request, which has been pending for over 36 months, since January 21, 2016.

2.     The purpose of FOIA is "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965). "[D]isclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). FOIA therefore requires federal agencies to disclose records to any person upon request unless the information falls within one of nine narrow disclosure exemptions listed in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b); *see also Rose*, 425 U.S. at 361 ("These exemptions are explicitly made exclusive … and must be narrowly construed.") (internal citation and quotation marks excluded). Except in unusual circumstances, federal agencies must determine within twenty business days whether requested records are exempt from disclosure and, if they are not, the agency must "promptly disclose" the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); *id.* § (a)(3)(A), (a)(6)(C)(i).

3.     On January 21, 2016, CFC, then known as Gifford Pinchot Task Force, sent identical FOIA requests to USFS and BLM. The FOIA requests sought "all documents relating to the exploratory drilling lease applications submitted by Ascot U.S.A., Inc. for the Margaret Deposit in the Green River valley north of Mount St. Helens, and the associated Modified Environmental

Assessment released in January 2016."

4.        CFC submitted its FOIA requests, in part, so that it could effectively and fully participate in the administrative public comment process regarding USFS and BLM's Goat Mountain Hardrock Prospecting Permit Applications Environmental Assessment ("EA"), and the objection process for USFS's Draft Decision Notice and Finding of No Significant Impact Goat Mountain Hardrock Mineral Prospecting Permits (collectively "Draft Decisions"). The EA considered the environmental consequences of two prospecting permit applications that would allow a private corporation to conduct mineral drilling activities in a portion of the Gifford Pinchot National Forest approximately 11 miles from Mt. St. Helens National Volcanic Monument, and directly adjacent to a popular recreation spot, the Green River Horse Camp. The Draft Decision would give the USFS' consent to the BLM to issue the permits and find that pursuant to the EA, there was no significant impact to the environment. Although CFC had long been an interested party in this project, and had successfully challenged prior iterations of this project, BLM and USFS did not include CFC in their initial notice releasing the draft EA. Once CFC discovered the ongoing comment period, CFC immediately submitted the FOIA requests at issue, in part to aid its preparation of comments on the EA. Neither BLM nor USFS timely responded to CFC's FOIA, and CFC was forced to submit public comments to the EA without the aid of all relevant documents. Moreover, BLM and USFS continued to ignore CFC's FOIA requests, requiring CFC to go through USFS' objection process without the aid of relevant documents. Nearly a year later, when BLM issued its final permits, CFC is still without all documents responsive to its FOIA request. CFC's full ability to meaningfully comment, its ability to adequately evaluate agency decisions, and its ability to serve its members and the public by actively engaging in management of the Gifford Pinchot National Forest has been, and is, prejudiced by USFS and

BLM's flagrant violations of FOIA.

5.      BLM violated FOIA in several ways during its processing of CFC's FOIA request. First, BLM did not timely respond to CFC's request. Second, BLM did not provide an estimated date for a final determination on CFC's request. Third, when BLM did produce some records, it unlawfully withheld some responsive documents. Fourth, despite CFC's timely appeal, BLM failed to make a determination on CFC's appeal of its partial denial. Fifth, BLM has failed to complete and make a final determination as to CFC's 2016 FOIA request.

6.      USFS also violated FOIA in several ways during its processing of CFC's 2016 FOIA request. First, USFS failed to make a determination regarding CFC's FOIA within the statutory twenty workdays, and in fact did not even acknowledge receipt of CFC's FOIA request until August, 2017, nearly 18 months after it was received. Second, USFS improperly withheld records responsive to CFC's FOIA request, and to date had failed to produce even a single page despite USFS identifying no less than 8,991 pages of records responsive to CFC's request in August 2017.  Each of these failures on the part of USFS violates FOIA.

7.      In this case, USFS has missed every applicable FOIA deadline, essentially ignoring all of its statutory duties. BLM has similarly missed essential deadlines, denying CFC an opportunity to receive all the documents requested for going on three years. Critically, both BLM and USFS knew that CFC requested the records in order to effectively comment on, and if necessary, object to the agencies' decisions which CFC has long been involved in, up to and including litigation over prior permitting decisions for this same proposed project. *See generally Gifford Pinchot Task Force v. Perez*, No. 13-CV-00810-HZ, 2014 WL 3019165 (D. Or. July 3, 2014).  USFS and BLM have therefore deprived CFC of one of the primary purposes of its FOIA request—to fully and effectively participate in public comment periods and agency administrative appeals

processes. It has also thus denied CFC an opportunity to provide meaningful public oversight of the government's proposal to permit hard rock mineral prospecting in the midst of Gifford Pinchot National Forest, on lands especially reserved for public outdoor recreation. However, the records are still critically important to CFC as they will inform CFC of the full range of impacts to recreation and other resources within the Gifford Pinchot National Forest, and the entire record forming the basis of both USFS' and BLM's recent decisions to grant the prospecting permits and allow the project to go forward. This will allow CFC to fully evaluate all aspects of the legality of these decisions. Moreover, the requested records are still highly relevant to CFC's ongoing public education and outreach efforts regarding impacts to Gifford Pinchot National Forest.

8.      Because the records are important to CFC's mission and its ongoing advocacy work in the Gifford Pinchot National Forest, CFC submitted new, nearly identical FOIA requests to both BLM and USFS on December 19, 2018, seeking responsive records since the date of its last request in January, 2016. BLM, though it has acknowledged CFC's 2018 FOIA, has not produced all responsive records.  USFS has, to date, not even acknowledged CFC's 2018 FOIA.

9.      USFS and BLM are improperly withholding from disclosure responsive records sought by CFC, records to which CFC is legally entitled. USFS and BLM have violated numerous FOIA mandates by failing to acknowledge receipt of CFC's FOIA request and respond with release of responsive records within the time and manner required by law. Accordingly, CFC seeks a declaration from this Court that USFS and BLM have violated FOIA. CFC also seeks an injunction from this Court that directs USFS and BLM to promptly provide CFC with the requested records.

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

10.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA.

11.    Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because the records requested from the Oregon State Office of BLM and Region 6 of the USFS are located in Portland, Oregon. Assignment is proper in this division for the same reason.

12.    Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

13.    Plaintiff, CASCADE FOREST CONSERVANCY, ("CFC," formerly Gifford Pinchot Task Force) is a non-profit organization whose mission is to protect and sustain forest, streams, wildlife, and communities in the heart of the Cascade Mountains through conservation, education, and advocacy. CFC represents over 12,000 members and supporters who share their vision of a world where wild places remain to capture our imagination and allow native wildlife to thrive. CFC has offices in Vancouver, Washington, and Portland, Oregon. As part of its advocacy, CFC works to preserve and protect the Gifford Pinchot National Forest, which is adjacent to the Mount St. Helens National Monument in the Cascade Range. CFC requested the records Defendants have failed to disclose in furtherance of its organizational mission and work to preserve the Gifford Pinchot National Forest and advocate on behalf of its members. Specifically, one reason CFC sought the records at issue was to effectively comment on Defendants' EA and respond to the anticipated Draft Decision to issue mineral prospecting permits within the Gifford Pinchot National Forest. Even though the comment period and objection period closed prior to CFC receiving any records, these records are still of paramount importance to CFC's mission because they will inform the CFC of the full range of effects of the agencies' decisions to allow prospect drilling for the next six years in the Gifford Pinchot

National Forest, will allow CFC to fully evaluate the legality of the agencies' decisions and because they are relevant to CFC's ongoing public education and outreach efforts regarding the potential for commercial mining in the Gifford Pinchot National Forest.

14.     CFC seeks information in order to contribute to the public's understanding of USFS's and the BLM's decisions that allow prospect drilling in the Gifford Pinchot National Forest and the full effects of those decisions on interested members of the public, including CFC's members.

15.     Defendant UNITED STATES FOREST SERVICE is an agency of the executive branch, of the United States government. It is in possession and control of the records sought by CFC, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

16.     Defendant UNITED STATES BUREAU OF LAND MANAGEMENT is an agency of the executive branch of the United States government. It is in possession and control of the records sought by CFC, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

**STATUTORY BACKGROUND**

17.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty business days. *Id.* § 552(a)(6)(A)(i). If the agency makes any adverse determination regarding a request, the agency must also communicate to the requester that it has a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18.     FOIA also mandates that a federal agency that has received a request for records must inform the requester of "the date on which the agency originally received the request[,]" and "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

19.     FOIA provides only limited circumstances under which a federal agency may take longer than twenty business days to make a determination. First, the agency may toll the twenty business-day deadlines for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I). Second, the agency may also toll the 20 business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. *Id.* § 552(a)(6)(A)(ii)(II). Additionally, if the agency faces "unusual circumstances," the agency may extend the twenty business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). No extension will exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations . . .  with another agency

having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id.* § 552(a)(6)(B)(iii).

20.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

21.     A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. *Id.* § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. *Id.* § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

22.     On January 21, 2016, CFC requested from both BLM and USFS, in separate and identical requests, the following records:

> [A]ll documents [since July, 2012] relating to the exploratory drilling lease applications submitted by Ascot U.S.A., Inc. for the Margaret Deposit in the Green River valley north of Mount St. Helens, and the associated Modified Environmental Assessment released in January 2016.

23.     CFC's FOIA requests to each agency specifically sought, although it was not limited to,

the following:

1.  All documents written or received by any of the following parties in relation
    to the exploratory drilling lease application: Ascot U.S .A., the Bureau of
    Land Management (BLM), the U.S. Forest Service (USFS), U.S. Fish and
    Wildlife Service, National Marine Fisheries Service, U.S. Geological Survey,
    U.S. EPA, the Washington Dept. of Fish and Wildlife, and the Washington
    Dept. of Ecology;
2.  Any documents relating to legal issues, the decision making process,
    environmental or public health concerns, or recreation closures;
3.  Any documents related to water use during exploratory drilling; and
4.  All documents, records and other materials reviewed, considered, or utilized
    in the preparation of the Modified Environmental Assessment for the Goat
    Mountain Hard Rock Prospecting Permit Applications issued by the BLM and
    USFS in January 2016.

24.     CFC's request to USFS went unacknowledged for more than a year. It was only via email

and regular mail dated August 23, 2017, that USFS stated that it received CFC's FOIA request

on Jan. 25, 2016 and assigned it control number 2016-FS-R6-01956-F.

25.     The August 23, 2017 letter acknowledged that USFS had not yet begun processing CFC's

request. USFS sought confirmation that CFC was "still interested in continuing the processing of

your FOIA request."

26.     Through its counsel, CFC responded to USFS by email and regular mail dated September

18, 2017 that it was still interested in receiving a full response to its FOIA request. Further, CFC

informed USFS that CFC's request was to aid its response to an ongoing comment and

administrative objection process on the proposed prospecting permits, and a response was

needed in order to allow for fully informed comment. CFC informed USFS that USFS' own

objection period for the proposed decision closed in early October, 2017 and a response prior to

that time was needed to aid CFC's full and meaningful objection.

27.    Via email dated September 26, 2017, USFS acknowledged receipt of CFC's September 18, 2017 letter. USFS noted that "prior to [the August 23, 2017 letter] the search for responsive records was already conducted and completed by staff on the Gifford Pinchot National Forest, this Regional Office, and the Washington D.C. Office[.]" USFS noted that "approximately 8,991 pages of records" were found in the search and were then subject to review for "sensitive information." USFS stated that CFC's FOIA request was "number two in the queue" to be processed. USFS further stated that it expected to have a partial response "within the next ten business days."

28.    USFS did not produce documents within the ten days suggested. As of the date of filing, USFS has never provided CFC with written notice setting forth unusual circumstances justifying an extension of FOIA's mandatory deadlines.

29.    USFS has failed to produce a single responsive record to CFC before the objection period for its Decision Notice and FONSI closed on October 7, 2017.

30.    As of the date this action was filed, USFS has not provided CFC with a single responsive record to CFC's January 21, 2016 FOIA request.

31.    As of the date this action was filed, the statutory deadline for USFS to issue a timely determination on CFC's pending FOIA request has passed.

32.    "[I]n order to make a 'determination' … the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

33.     As of the date this action was filed, USFS has not provided a determination on CFC's January 21, 2016 FOIA request.

34.     BLM received CFC's FOIA on Jan. 21, 2016, which it confirmed via email to CFC dated Jan. 22, 2016. BLM assigned CFC's request control number OR-2016-035.

35.     By letter dated Feb. 19, 2016, BLM stated that CFC's request was placed in the "complex" track, which require "between twenty-one and sixty workdays" for processing. BLM stated that it would provide a final response by April 15, 2016.

36.     BLM did not produce any documents on or before that date. By latter dated April 15, 2016, BLM stated it was moving CFC's request from the "complex" track to the "voluminous" track due to the need to have multiple emails converted from their native format to portable document format (PDF) to be readable by CFC. BLM stated it had "already begun reviewing the documents" but provided no indication of when a final or even a partial response would be produced.

37.     By letter dated May 5, 2016, BLM released its "first batch of records" in response to CFC's FOIA request, which included the Modified Environmental Assessment released publicly in 2016 "and public comments[.]" BLM did not indicate when a future release of responsive documents would be made, or when a final response would be made.  BLM did not inform CFC of any right to appeal its determination on this batch of records.

38.     By letter dated July 7, 2016, BLM released its "second batch of records" in response to CFC's FOIA request. BLM stated that this batch was responsive to items 2, 3, and 4 of CFC's four-item request. Of documents released, BLM withheld 189 pages for Deliberative Process Privilege, 224 pages for Attorney Client Privilege, 318 pages for Attorney-work Product Privilege, and 104 pages under FOIA Exemption 6 as relating to personal privacy. BLM advised

CFC that it could administratively appeal the partial denial within 30 business days of the letter. BLM did not indicate when a future release of responsive documents would be made or when a final response would be made.

39.     By letter dated August 8, 2016 CFC, through its counsel, submitted a timely administrative appeal of the partial denial of CFC's FOIA request. By letter dated August 9, 2016, CFC amended its appeal of BLM's partial denial, to correct an inadvertent omission of a single letter attachment.

40.     By letter dated August 16, 2016, BLM acknowledged both CFC's initial Aug. 8, 2016 appeal and its Aug. 9, 2016 amended appeal, and assigned it appeal number 2016-160. BLM stated that, pursuant to FOIA, BLM would make a final determination on CFC's appeal within twenty workdays.

41.     BLM did not issue a final determination on CFC's appeal within the statutory timeframe. After not receiving a final determination on its appeal, CFC by letter dated Jan. 19, 2017 wrote to BLM requesting an appeal determination, and expediting of the decision by BLM. CFC explained to BLM it needed to receive a final response to adequately prepare to submit a timely objection on then-pending prospecting permits.

42.     BLM did not respond to CFC's letter, and has not as of the date of this filing, made a final determination on CFC's appeal.

43.     By letter dated Sept. 6, 2017, BLM released its "third batch of records" responsive to CFC's request, stating the release was responsive to items 1, 3, and 4 of CFC's four-item request. BLM stated it was withholding 1 page under Deliberative Process Privilege and 564 partial pages under FOIA exemption 6 for information relating to individual privacy. BLM advised CFC of its rights to appeal this partial denial.

44.     CFC declined to pursue an appeal of the partial denial within BLM's third batch partial

denial. BLM did not indicate when a future release of responsive documents would be made or

when a final response would be made.

45.     Via email dated Mar. 14, 2018 BLM wrote to CFC's counsel to inquire whether CFC was

"still interested in receiving records since many things have transpired since this request was

made[.]"

46.     Via email dated Mar. 14, 2018 counsel for CFC responded to BLM's email confirming

that it still sought records from its request, and sought a response to its still-pending appeal. CFC

informed BLM that the ongoing issues, including BLM's then-pending permit decision had made

CFC's request "more relevant" not less.

47.     Via email dated Mar. 14, 2018, BLM acknowledged CFC's request to keep the FOIA still

active, and noted that BLM's case load had "six normal cases, eight complex cases, and no

voluminous cases in front of" CFC's. BLM further confirmed via email the same day that BLM

had three other outstanding 2016 requests at that time.

48.     Via email dated Jan. 30, 2019 counsel for CFC again inquired as to the status of BLM's

response to CFC's 2016 FOIA request. Via email the same day, BLM responded that "[c]urrently

there are 4 Expedited, 6 Normal, 33 Complex cases ahead of yours.  There are no other

voluminous cases ahead of yours.  I will be sending out a batch 3 [sic] to you by the end of next

week." Via email the same day, counsel for CFC inquired as to how newer, non-expedited

requests would be processed ahead of CFC's outstanding 2016 FOIA. BLM responded via email

the same day that it processes "first in first out for each track.  So daily we run all expedited

cases first.  Work all those cases first in first out until we are at a stopping point which means it

is at the SOL office, waiting for consult, etc. Then we run the normal cases second.  Work those

first in first out until the list is exhausted.  Then we run the complex cases third.  Work those first

in first out until the list is exhausted.  Then we run the voluminous cases fourth.  Work those first

in first out.  Your request is on the top of this track list.  So once the other tracks are exhausted

yours is the first in this track to be processed." BLM further suggested that CFC "can always

modify your request to move it into a faster track[.]"

49.    Via letter dated February 11, 2019, BLM issued a batch of records labeled a "third batch

of records" responsive to CFC's 2016 FOIA request. The records released were identical to the

previously released third batch of records, with the exception of a single additional record. The

letter acknowledged that the FOIA response was not yet complete, and stated that BLM would

continue to "provide interim responses" until the FOIA was completely responded to.

50.    Although CFC counsel contacted BLM via email asking why they had essentially

reproduced the same records they had previously produced in 2017 rather than producing new

responsive records, BLM has never responded to that email correspondence.

51.    As of the date of this filing, BLM has produced no further responsive records to CFC's

2016 FOIA request, and has made no final determination on CFC's 2016 appeal.

52.    BLM has never provided CFC with written notice setting forth unusual circumstances

justifying an extension of FOIA's mandatory deadlines.

53.    As of the date this action was filed, the statutory deadline for BLM to issue a timely final

decision on CFC's pending partial denial appeal has passed.

54.    As of the date this action was filed, BLM has failed to gather and review all of the

documents responsive to CFC's January 21, 2016 FOIA request.

55.    As of the date this action was filed, BLM has failed to produce to CFC all responsive

records to CFC's January 21, 2016 FOIA request.

56.    On Dec. 19, 2018, CFC submitted subsequent FOIAs to both BLM and USFS, seeking

substantially similar records about the Margaret Deposit Goat Mountain prospecting permits,

created since CFC's prior FOIA.

57.    In separate and identical FOIA requests, (the "2018 FOIA requests") CFC requested from

both BLM and USFS the following records:

> [A]ll records relating to the exploratory drilling lease applications submitted by
> Ascot U.S.A., Inc. for the Margaret Deposit in the Green River valley north of
> Mount St. Helens, including the associated Modified Environmental Assessment
> dated August 7, 2017, the US Forest Service's (USFS) Decision Notice and Find-
> ing of No Significant Impact Goat Mountain Hardrock Mineral Prospecting Per-
> mits USDA Forest Service, Gifford Pinchot National Forest Cowlitz Valley
> Ranger District Skamania County, WA, dated Jan. 29, 2018 (DN/FONSI), the
> BLM's Finding of No Significant Impact for the Goat Mountain Hardrock Pro-
> specting Permit Applications (BLM's FONSI) and Decision Record for the Goat
> Mountain Hardrock Prospecting Permit Applications (DR), both dated December
> 3, 2018.

58.    CFC's FOIA requests to each agency specifically sought, although it was not limited to,

the following:

> 1.  All documents written or received by any of the following parties in relation
>     to the exploratory drilling lease application: Ascot U.S .A., the Bureau of
>     Land Management (BLM), the U.S. Forest Service (USFS), U.S. Fish and
>     Wildlife Service, National Marine Fisheries Service, U.S. Geological Survey,
>     U.S. EPA, the Washington Dept. of Fish and Wildlife, and the Washington
>     Dept. of Ecology;
> 2.  Any documents relating to legal issues, the decision making process,
>     environmental or public health concerns, or recreation closures;
> 3.  Any documents related to water use during exploratory drilling; and
> 4.  All records and other materials reviewed, created, obtained, considered, or
>     utilized since January 21, 2016 in the preparation of the Modified
>     Environmental Assessment for the Goat Mountain Hard Rock Prospecting
>     Permit Applications, USFS' DN/FONSI, BLM's FONSI and/or the DR issued
>     by the BLM.

59.    BLM acknowledged CFC's 2018 FOIA request on Dec. 20, 2018, and assigned it

tracking number BLM-2019-00263/OR-2019-037.

60.    Via email dated Feb. 25, 2019, BLM issued a partial response, releasing "seven pages in

their entirety" with the acknowledgement that "subsequent sets" of records would be forthcoming. The records released consisted of three published newspaper articles and the BLM's and USFS' published legal notice of the public comment period for the Aug. 2017 Environmental Assessment.

61.     To date, more than twenty business days after it received CFC's 2018 FOIA request, BLM has not made a final determination on CFC's 2018 FOIA request, nor provided a date by which BLM intends to complete production of responsive records. No further records have been released by BLM in response to CFC's 2018 FOIA.

62.     USFS has to date not acknowledged receipt of CFC's 2018 FOIA; certified mail return receipts confirm that a USFS employee received the FOIA on Dec. 21, 2018.

63.     CFC has attempted to contact the USFS regarding the status of its 2018 FOIA request but has received no response.

64.     To date, more than twenty business days after it received CFC's FOIA request, USFS has not produced any records responsive to CFC's 2018 FOIA, nor made a final determination.

65.     Because USFS has not issued a determination on CFC's FOIA requests, CFC could not file an administrative appeal of any determination, and therefore has constructively exhausted all administrative remedies required by FOIA with respect to the USFS FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

66.     Because BLM has failed to respond to CFC's administrative appeal with respect to its partial denial of its 2016 FOIA, and has not issued a final determination of CFC's outstanding 2016 FOIA and 2018 FOIA requests, CFC has constructively exhausted all administrative remedies required by FOIA with respect to the BLM FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

67.     CFC's claims presented herein are not insubstantial within the meaning of 5 U.S.C. §

552(a)(4)(E)(ii)(II).

## CAUSES OF ACTION

### CLAIM I

#### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
#### FAILURE TO MAKE A DETERMINATION – 2016 FOIA REQUEST
#### (Against USFS)

68.     The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

69.     CFC has a right to processing of its FOIA request in a manner that complies with FOIA.

USFS was, and is, required to determine within twenty business days after the receipt of CFC's

FOIA request whether to comply with the request, and to immediately notify CFC of USFS's

determination and the reasons therefor, and the right of CFC to appeal to the head of the USFS

any adverse determination.

70.     CFC, through its January 21, 2016 FOIA request, properly asked for records within

USFS's control.

71.     USFS received CFC's 2016 FOIA request on January 25, 2016. The twentieth business

day following January 25—excepting Saturdays, Sundays, and legal public holidays—was

February 23, 2016.

72.     As of the date on which CFC filed this action, USFS had not produced any records to

CFC in response to its 2016 FOIA request.

73.     As of the date on which CFC filed this action, USFS had never claimed any FOIA

exemptions in response to CFC's 2016 FOIA request.

74.     As of the date on which CFC filed this action, USFS had never informed CFC that it

could appeal any adverse portion of USFS's communications regarding CFC's 2016 FOIA

request.

75.     As of the date on which CFC filed this action, USFS had violated CFC's rights by unlawfully delaying its response to CFC's January 21, 2016 FOIA request beyond the determination deadlines imposed by FOIA.

76.     As of the date on which CFC filed this action, USFS was unlawfully withholding from public disclosure records sought by CFC, records to which CFC is legally entitled.

## CLAIM II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO MAKE A DETERMINATION – 2018 FOIA REQUEST
### (Against USFS)

77.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

78.     CFC has a right to processing of its FOIA request in a manner that complies with FOIA. USFS was, and is, required to determine within 20 business days after the receipt of CFC's FOIA request whether to comply with the request, and to immediately notify CFC of USFS's determination and the reasons therefor, and the right of CFC to appeal to the head of the USFS any adverse determination.

79.     USFS received CFC's 2018 FOIA request on or before December 21, 2018. The twentieth business day following December 21—excepting Saturdays, Sundays, legal public holidays and days where USFS was shutdown due to lapse in Congressional appropriations—was February 25, 2019.

80.     As of the date on which CFC filed this action, USFS had not produced any records to CFC in response to its 2018 FOIA request.

81.     As of the date on which CFC filed this action, USFS had never claimed any FOIA exemptions in response to CFC's 2018 FOIA request.

82.     As of the date on which CFC filed this action, USFS had never informed CFC that it could appeal any adverse portion of USFS's communications regarding CFC's 2018 FOIA request.

83.     As of the date on which CFC filed this action, USFS had violated CFC's rights by unlawfully delaying its response to CFC's December 19, 2018 FOIA request beyond the determination deadlines imposed by FOIA.

84.     As of the date on which CFC filed this action, USFS was unlawfully withholding from public disclosure records sought by CFC, records to which CFC is legally entitled.

### CLAIM III

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO MAKE A DETERMINATION – 2016 FOIA REQUEST**
**(Against BLM)**

85.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

86.     CFC has a right to processing of its FOIA request in a manner that complies with FOIA. BLM was, and is, required to determine within twenty business days after the receipt of CFC's 2016 FOIA request whether to comply with the request, and to immediately notify CFC of BLM's determination and the reasons therefor, and the right of CFC to appeal to the head of the BLM any adverse determination.

87.     BLM received CFC's 2016 FOIA request on January 21, 2016. The twentieth business day following January 21—excepting Saturdays, Sundays, and legal public holidays—was February 25, 2016.

88.     As of the date on which CFC filed this action, BLM has not yet made a final determination on CFC's 2016 FOIA request that determined and communicated to CFC the scope of records it would produce.

89.     As of the date on which CFC filed this action, BLM has violated CFC's rights by unlawfully delaying its response to CFC's 2016 FOIA request beyond the determination deadlines imposed by FOIA.

90.     As of the date on which CFC filed this action, BLM was unlawfully withholding from public disclosure records sought by CFC, records to which CFC is legally entitled.

## CLAIM IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO MAKE A DETERMINATION – 2018 FOIA REQUEST
### (Against BLM)

91.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

92.     CFC has a right to processing of its FOIA request in a manner that complies with FOIA. BLM was, and is, required to determine within 20 business days after the receipt of CFC's FOIA request whether to comply with the request, and to immediately notify CFC of BLM's determination and the reasons therefor, and the right of CFC to appeal to the head of the BLM any adverse determination.

93.     BLM received CFC's 2018 FOIA request on December 20, 2018. The twentieth business day following December 21—excepting Saturdays, Sundays, legal public holidays and days where BLM was shutdown due to lapse in Congressional appropriations—was February 22, 2019.

94.     As of the date on which CFC filed this action, BLM has not yet made a final determination on CFC's 2018 FOIA request that determined and communicated to CFC the scope of records it would produce.

95.     As of the date on which CFC filed this action, BLM has violated CFC's rights by

unlawfully delaying its response to CFC's 2018 FOIA request beyond the determination deadlines imposed by FOIA.

96.     As of the date on which CFC filed this action, BLM was unlawfully withholding from public disclosure records sought by CFC, records to which CFC is legally entitled.

## CLAIM V

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS – 2016 FOIA REQUEST
### (Against USFS)

97.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

98.     USFS is required, upon receipt of a request for records from CFC, to make those records promptly available to CFC, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

99.     CFC, through its January 21, 2016 FOIA requests to USFS, properly asked for records within that agency's control.

100.    USFS received CFC's 2016 FOIA request on January 25, 2016.

101.    USFS has not produced any records to CFC in response to its 2016 FOIA request.

102.    As of the date on which CFC filed this action, USFS had never claimed any exemption in response to CFC's 2016 FOIA request.

103.    CFC's rights in this regard were violated when USFS failed to produce records responsive to CFC's request promptly after receiving CFC's FOIA request on January 25, 2016.

104.    USFS is improperly and unlawfully withholding from public disclosure information sought by CFC, information to which it is entitled.

### CLAIM VI

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS – 2018 FOIA REQUEST
### (Against USFS)

105.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

106.    USFS is required, upon receipt of a request for records from CFC, to make those records promptly available to CFC, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

107.    CFC, through its December 19, 2018 FOIA request to USFS, properly asked for records within that agency's control.

108.    USFS received CFC's 2018 FOIA request on or before December 21, 2018.

109.    USFS has not produced any records to CFC in response to its 2018 FOIA request.

110.    As of the date on which CFC filed this action, USFS had never claimed any exemption in response to CFC's 2018 FOIA request.

111.    CFC's rights in this regard were violated when USFS failed to produce records responsive to CFC's request promptly after receiving CFC's FOIA request on or before December 21, 2018.

112.    USFS is improperly and unlawfully withholding from public disclosure information sought by CFC, information to which it is entitled.


### CLAIM VII

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS – 2016 FOIA REQUEST
### (Against BLM)

113.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

114.    BLM is required, upon receipt of a request for records from CFC, to make those records promptly available to CFC, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

115.    CFC, through its January 21, 2016 FOIA request to BLM, properly asked for records within that agency's control.

116.    BLM received CFC's 2016 FOIA request on January 21, 2016.

117.    BLM has not produced all responsive records to CFC in response to its 2016 FOIA request.

118.    BLM has not made a final determination concluding BLM's response to CFC's 2016 FOIA request.

119.    CFC's rights in this regard were violated when BLM failed to produce all responsive records to CFC's request promptly after receiving CFC's 2016 FOIA request on January 21, 2016.

120.    BLM is improperly and unlawfully withholding from public disclosure information sought by CFC, information to which it is entitled.

## CLAIM VIII

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFULLY WITHHOLDING RESPONSIVE RECORDS – 2018 FOIA REQUEST
### (Against BLM)

121.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

122.    BLM is required, upon receipt of a request for records from CFC, to make those records promptly available to CFC, unless the records may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

123.    CFC, through its December 19, 2018 FOIA request to BLM, properly asked for records

within that agency's control.

124.    BLM received CFC's 2018 FOIA request on December 20, 2018.

125.    As of the date on which CFC filed this action, BLM had never claimed any exemption in response to CFC's 2018 FOIA request.

126.    BLM has not produced all responsive records to CFC in response to its 2018 FOIA request.

127.    BLM has not made a final determination concluding BLM's response to CFC's 2018 FOIA request.

128.    CFC's rights in this regard were violated when BLM failed to produce all responsive records to CFC's request promptly after receiving CFC's 2018 FOIA request on December 20, 2018.

129.    BLM is improperly and unlawfully withholding from public disclosure information sought by CFC, information to which it is entitled.

## CLAIM IX

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL COMPLETE ACTION ON THE FOIA REQUEST – 2016 FOIA REQUEST (Against USFS)

130.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

131.    FOIA requires federal agencies to provide the requester with information about the status of the agency's response to a request, including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

132.    CFC asked USFS several times for an estimated date on which the agency would complete action on CFC's FOIA request. In so doing, CFC invoked 5 U.S.C. § 552(a)(7)(B)(ii).

133.    As of the date on which CFC filed this action, USFS and has failed to provide an

estimated date on USFS would complete action on CFC's 2016 FOIA request.

## CLAIM X

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO MAKE A TIMELY ADMINISTRATIVE APPEAL DETERMINATION
### (Against BLM)

134.    The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

135.    FOIA requires an agency that makes an adverse determination, in whole or in part, notify

the requester of its appeal rights. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). FOIA further requires that

the agency must make a determination with respect to any appeal within twenty days  (excepting

Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. *Id.* §

552(a)(6)(A)(ii). FOIA requires that the agency notify the requester of their right to judicial

review of any adverse appeal determination. *Id.*

136.    BLM made an adverse determination, partially denying CFC's January 21, 2016 FOIA

request on July 7, 2016 and informed CFC of its appeal rights.

137.    CFC timely appealed BLM's partial denial on August 8, 2016 and amended its appeal

August 9, 2016.

138.    As of the date on which CFC filed this action, BLM had failed to make a determination

on CFC's partial denial appeal.

## REQUESTS FOR RELIEF

 WHEREFORE, CFC prays that this Court:

1.    Declare USFS's failure to make a timely determination on CFC's FOIA requests to be

unlawful under FOIA;

2.    Declare USFS's failure to promptly provide CFC with records responsive to CFC's FOIA

requests to be improper and unlawful under FOIA;

3.      Declare USFS's failure to provide CFC with an estimated date on which USFS would complete action on CFC's FOIA requests, to be unlawful under FOIA;

4.      Order USFS in the form of injunctive relief to promptly provide CFC with all of the records responsive to its 2016 and 2018 FOIA requests;

5.      Declare BLM's failure to make a timely determination on CFC's FOIA requests to be unlawful under FOIA;

6.      Declare BLM's failure to promptly provide CFC with records responsive to CFC's FOIA requests to be improper and unlawful under FOIA;

7.      Declare BLM's failure to provide CFC with a timely determination on CFC's adverse determination appeal, to be unlawful under FOIA;

8.      Order BLM in the form of injunctive relief to promptly provide CFC with all of the records responsive to its 2016 and 2018 FOIA requests;

9.      Award CFC its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), or any other applicable law;

10.     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

11.     Grant such other and further relief as this Court may deem just and proper.


        Respectfully submitted this 2nd day of April, 2019.

                        /s Thomas C. Buchele
                        _____

                        Thomas C. Buchele, OSB # 081560
                        Earthrise Law Center
                        Lewis & Clark Law School
                        10015 SW Terwilliger Blvd.
                        Portland OR 97219-7799
                        Tel: 503-768-6643

Email: tbuchele@lclark.edu

Roger Flynn, *Pro Hac Vice Application to Be Filed*
Western Mining Action Project
P.O. Box 349
Lyons, CO  80540
Telephone: (303) 823-5738
Fax: (303) 823-5732
E-mail: wmap@igc.org


*Attorneys for Plaintiff Cascade Forest Conservancy*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF